UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/20/2026

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
VALERIYA PIVKINA

Plaintiff,

-against-

26-cv-7038 (LAK)

MCQUILLING PARTNERS, INC., et al.,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

Jurisdiction is invoked pursuant to 28 U.S.C. § 1332. The notice of removal fails adequately to allege the existence of subject matter jurisdiction because, perhaps among other things, it fails adequately to allege:

■ The citizenship of one or more natural persons. *See, e.g., Sun Printing & Publishing Ass'n v. Edwards,* 194 U.S. 377 (1904); *Leveraged Leasing Administration Corp.v. PacifiCorp Capital, Inc.,* 87 F.3d 44 (2d Cir. 1996) (residence is not citizenship in a state or the United States, both of which are required to establish citizenship of a state).

☐ The citizenship of one or more corporations. *See* 28 U.S.C. § 1332(c)(1).

☐ The citizenship of one or more partnerships. *See Carden v. Arkoma Assocs.,* 494 U.S. 195 (1990).

☐ The exact nature and citizenship of one or more alleged limited liability companies. *See Handlesman v. Bedford Village Green Assocs. L.P.,* 213 F.3d 48, 52 (2d Cir. 2000).

Absent the filing, on or before August 28, 2026, of an amended notice of removal adequately alleging the existence of subject matter jurisdiction, this action will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: August 19, 2026

/s/ Lewis A. Kaplan

Lewis A. Kaplan
United States District Judge